UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v

RICHARD EVERETT CAMP, JR.

Case Number: 3:20-cr-95(S1)-BJD-MCR

USM Number: 73711-018

Curtis Scott Fallgatter, Retained
200 E Forsyth St
Jacksonville, FL 32202

### AMENDED JUDGMENT IN A CRIMINAL CASE[1]

The defendant pleaded guilty to Counts One, Two, and Three of the Superseding Information. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1349 | Conspiracy to Commit Wire Fraud | October 2018 | One |
| 18 U.S.C. §§ 1341 and 1349 | Conspiracy to Commit Mail Fraud | December 2018 | Two |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | December 2018 | Three |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

---

[1] The Judgment is amended to include the domestic batterers intervention component as stated on the record under the mental health treatment special condition.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

Date of Imposition of Sentence: June 17, 2021

_____
**BRIAN J. DAVIS**
**UNITED STATES DISTRICT JUDGE**

July __7th__, 2021

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **FORTY-EIGHT (48) MONTHS, this term consists of a FORTY-EIGHT (48) MONTH term as to Counts One through Three of the Superseding Information, all such terms to run concurrently.**

The Court makes the following recommendations to the Bureau of Prisons:
- Incarceration at FCI Jesup.
- Defendant participate in the Residential Drug Abuse Program (RDAP), if eligible, and any other substance abuse treatment programs available.
- Defendant enroll in any vocational rehabilitation programs as are available.
- Defendant receive mental health counseling.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy United States Marshal

AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS**, this term consists of a **THREE (3) YEAR** term as to each of Counts One through Three of the Superseding Information, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The mandatory drug testing requirements of the Violent Crime Control Act are suspended.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, you are directed to submit to random drug testing.

2. You shall participate in a mental health treatment program, which shall include a domestic batterers intervention component, (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. You shall submit to a search of your person, residence, place of business, any storage units under your control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

4. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

5. You shall provide the probation officer access to any requested financial information.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | Assessment | AVAA Assessment[2] | JVTA Assessment[3] | Fine   | Restitution     |
|--------|------------|--------------------|--------------------|--------|-----------------|
| TOTALS | $300.00    | $0.00              | $0.00              | $0.00  | $5,699,043.01   |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i) all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss[4] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Swisher/EAS<br>Swisher International,<br>c/o Chris Casey, General Counsel<br>459 East 16th Street<br>Jacksonville, Florida 32258 | $430,511.60 | $430,511.60 | **First Priority** |
| The Great American Insurance Company, Crimes Claims<br>5 Waterside Crossing<br>Windsor, Connecticut 06095 | $5,268,531.41 | $5,268,531.41 | |
| **Totals:** | **$5,699,043.01** | **$5,699,043.01** | |

☒  The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒  the interest requirement is waived for the restitution.

---

[2] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[3] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[4] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.
AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$300.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

While in Bureau of Prisons custody, you shall either (1) pay at least $25.00 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you shall pay $100.00 per month towards the restitution obligation. At any time during the course of post-release supervision, the victim(s), the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Richard Everett Camp, Jr.
3:20-cr-95(S1)-BJD-MCR

## Joint and Several

Restitution shall be paid jointly and severally:
Case Number: 3:21-CR-9-BJD-MCR.
Defendant and Co-Defendant Names: Gretchen Camp
*(including defendant number)*

| Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|
| $5,699,043.01 | $5,699,043.01 | Swisher/EAS and The Great American Insurance Company |

## FORFEITURE

The defendant shall forfeit to the United States the assets identified in the Order of Forfeiture and Preliminary Order of Forfeiture for Specific Assets.

AO245B (Rev. 09/19) Judgment in a Criminal Case